## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **TITLEMAX OF TEXAS, INC.,** | § | |
| **IVY FUNDING COMPANY LLC,** | § | |
| **and NCP FINANCE LIMITED** | § | |
| **PARTNERSHIP,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **No. 3:21-cv-1040-S-BN** |
| | § | |
| **CITY OF DALLAS,** | § | |
| | § | |
| **Defendant.** | § | |

### PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

Plaintiffs TitleMax of Texas, Inc., Ivy Funding Company LLC, and NCP Finance Limited Partnership move the Court for preliminary injunctive relief and, along with their concurrently filed Brief in Support[1] and Appendix, each of which Plaintiffs fully incorporate by reference herein, would respectfully show the Court as follows:

### I.      INTRODUCTION

Plaintiffs have a long-standing relationship with citizens in the low- and moderate-income communities of Dallas, providing access to cash loans in cases of financial emergency.  Plaintiff TitleMax arranges and guarantees repayment of the loans, which are then funded by a third-party lender, either Plaintiff Ivy or Plaintiff NCP.

In 2011 the City of Dallas enacted an ordinance, which became Article XI of Chapter 50 of the Dallas City Code, regulating certain types of short-term loans such as the ones arranged by TitleMax and its competitors.  Plaintiffs modified their loan products to comply with the ordinance

---

[1] Plaintiffs' Brief in Support of Motion for Preliminary Injunctive Relief, which exceeds the page limit set out in Local Rule 7.2(c),is concurrently tendered to the Court as Exhibit A to a Motion and Brief to Extend Page Limit.

("Article XI" or the "2011 Ordinance"), and for the next ten years Plaintiffs were able to provide emergency credit to citizens of Dallas in full compliance with Article XI and Texas statutory law.

That changed on January 27th of this year, when the Dallas City Council enacted an ordinance (the "Amending Ordinance") that amended—and added significant restrictions to—Article XI.  For reasons more fully explained in Plaintiffs' Brief in Support, the Amending Ordinance has devastated Plaintiffs' business in Dallas, where TitleMax has had to cease arranging unsecured loans and its title-secured loan business has been eviscerated.  Absent injunctive relief, TitleMax expects to be forced to close its Dallas stores and fire its Dallas employees.

## II.    ARGUMENT

A preliminary injunction is issued to preserve the status quo and to prevent the irreparable loss of a party's rights prior to judgment.  *Finlan v. City of Dallas*, 888 F. Supp. 779, 790 (N.D. Tex. Dallas 1995).  A movant seeking a preliminary injunction must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm in the absence of the injunction; (3) that the threatened injury outweighs any potential harm resulting from the injunction being granted; and (4) that the injunction is in the public interest.  *Gonzales v. Mathis Indep. Sch. Dist.*, 978 F.3d 291, 294 (5th Cir. 2020).  A court may issue a preliminary injunction on a *prima facie* showing that the movant is entitled to relief.  *Brock Servs., L.L.C. v. Rogillio*, 936 F.3d 290, 296 (5th Cir. 2019).  Here, Plaintiffs meet each of these requirements.

*First*, absent a preliminary injunction, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.  "Federal courts have long recognized that, when the threatened harm is more than de minimis, it is not so much the magnitude but the irreparability that counts for purposes of a preliminary injunction."  *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012) (internal quotations omitted) (emphasis in original).

The Amending Ordinance has forced TitleMax to cease arranging unsecured loans and reconfigure its title-secured loans.[2]  The revised form of title-secured loans is proving unacceptable to most of TitleMax's former and potential customers; its early-payment requirement is engendering disproportionate default rates among those customers who do sign on for the new version.[3] The combination of reduced loan volume and increased defaults has destroyed the profitability of title-secured loans.[4]  In light of these events, Plaintiffs' business has been severely curtailed and will likely continue down a path leading to closure of stores, meaning a loss of employment for dozens of Dallas residents, numerous vacant storefronts in Dallas, and the loss of credit options for many of Dallas's low- to moderate-income residents. Without injunctive relief being granted by this Court, Plaintiffs will suffer these irreparable injuries.

*Second*, the threatened injury outweighs any potential harm resulting from the injunction being granted.  Should the injunctive relief be granted, the City will suffer no harm—it will simply return to the standard of business operations it followed from 2011 to January 27 of this year.  During that decade of operations, TitleMax arranged for loans in compliance with the City's ordinances.  There is no harm that will befall the City by returning to the business model it followed, uninterrupted, for ten years.  If anything, the City will lose tax revenue as the result of both laid-off employees who will lose their purchasing power and lost property-tax revenue from closed storefronts.  While the City cannot articulate any harm that will result from the granting of the requested injunctive relief, the harm that will arise if it is not granted is evident.

*Third*, the requested injunctive relief is in the public interest.  Far from protecting Dallas's most vulnerable residents, the Amending Ordinance has placed them in a far worse position.  It

---

[2] Cotto Dec.at 3-4, App. 3-4.
[3] Pearson Dec. at 4-5, App. 4-5.
[4] *Id*. at 5, App. 5.

has robbed them of a valued option for times of financial crisis.  As detailed in Plaintiffs' Brief in Support, the Amending Ordinance serves to limit Dallas residents' options and flexibility, thus restricting their access to necessary resources.

*Fourth*, Plaintiffs hold a substantial likelihood of success on the merits.  Plaintiffs are merely required to present a prima facie case, *Daniels Health Sciences, L.L.C. v. Vascular Health Sciences, L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013); they are not required to prove they are entitled to summary judgment, nor are they required to prove their case in full.  *Franciscan Alliance, Inc. v. Burwell*, 227 F. Supp. 3d 660, 684-685 (N.D. Tex. 2016).  Here, and in their Brief in Support, Plaintiffs unequivocally meet this burden on multiple fronts, showing both that the Amending Ordinance exceeds the City's authority and that the Amending Ordinance violates the Texas Constitution and the Due Process Clause of the United States Constitution.

The Amending Ordinance exceeds the City's authority because: (1) it impermissibly precludes the successful operation of a business licensed by the State; (2) the City lacks authority to close a so-called "loophole" in state statutes with a city ordinance; and (3) the subject matter of the Amending Ordinance is pre-empted by the Texas Finance Code.

And the Amending Ordinance violates the Texas Constitution and the Due Process Clause because: (1) due-process and due-course requirements are well established in state and federal law; (2) the City did not consult with the affected businesses—or the customers relying on those businesses—before enacting the destructive ordinance; and (3) the meager justifications provided by the City Council and committee were either not valid purposes or did not bear a reasonable relation to the stated purpose.

### III.    CONCLUSION

Plaintiffs meet the requirements necessary to be entitled to preliminary injunctive relief, as they have shown (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm in the absence of the injunction; (3) that the threatened injury outweighs any potential harm resulting from the injunction being granted; and (4) that the injunction is in the public interest.   For these reasons, Plaintiffs ask the Court to enter a preliminary injunction precluding enforcement of the Amending Ordinance between now and the full trial on the merits of this case.

Dated: June 21, 2021

**FROST BROWN TODD LLC**

*/s/ T. Ray Guy*
T. Ray Guy
State Bar No. 08648500
rguy@fbtlaw.com

Todd J. Harlow
State Bar No. 24036724
tharlow@fbtlaw.com

Ben A. West
State Bar No. 24084074
bwest@fbtlaw.com

2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
Telephone: (214) 545.3472
Telecopier: (214) 545.3473

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

On June 21, 2021, I conferred with Gary Powell, attorney for Defendant City of Dallas, concerning the foregoing Motion and was informed that the City opposes the relief sought therein.

/s/ *T. Ray Guy*
T. Ray Guy

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was sent to all counsel of record via *electronic filing* on June 22, 2021.

/s/ *T. Ray Guy*
T. Ray Guy