IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TITLEMAX OF TEXAS, INC. § <br> IVY FUNDING CO. LLC and § <br> NCP FINANCE LTD. PARTNERSHIP § <br>     Plaintiff, § <br> § <br> v. § <br> § <br> CITY OF DALLAS § <br> § <br>     Defendant. § | Civil Action No. 3:21-cv-1040-S-BN |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
ON ALL PLAINTIFFS' CLAIMS**

TO THE HONORABLE COURT:

Defendant, City of Dallas (the "City") pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule LR 56.3, files this motion for summary judgment as to all of Plaintiffs' claims alleged against the City on every legal theory on which Plaintiffs seek to nullify the Amending Ordinance that is the focus of Plaintiffs' challenges. Defendant has separately filed a brief supporting the City's motion for summary judgment (ECF No. 91) and appendix of evidence supporting the City's motion for summary judgment (ECF No. 92) in accordance with Local Civil Rules LR 56.5 and LR 56.6.

**I.   SUMMARY**

Per Local Civil Rule LR 56.3 ("Content of Motion"), the elements of each claim and defense as to which the City requests summary judgment are set forth in the City's brief in support of the motion for summary judgment (ECF No. 91) and further are set forth herein.

As to Plaintiffs' claim that the Amending Ordinance violates Plaintiffs' right to due process under the U.S. Constitution, the City shows that as a matter of law the Amending Ordinance is rationally related to furthering a legitimate governmental interest of the City in order to help protect Dallas residents, especially low-income residents, from abusive and predatory lending practices. The City also shows that Plaintiffs do not have a vested right that is constitutionally protected to impose predatory loan terms on low-income borrowers contrary to the provisions of the Amending Ordinance.

As to Plaintiffs' claim that the Amending Ordinance violates Plaintiffs' rights under the due course of law provision of the Texas Constitution, the City shows that the Amending Ordinance is rationally related to furthering a legitimate governmental interest of the City in order to protect Dallas residents, especially low-income residents against and from abusive and predatory lending practices. Plaintiffs do not have a vested right to be a predatory lender and impose predatory loan terms contrary to the Amending Ordinance, therefore, as a matter of law Plaintiffs' claim under the due course of law provision of the Texas Constitution fails.

Plaintiffs' claim or assertion that the Amending Ordinance exceeds the City's authority as a home rule city under Texas law fails as a matter of law as the Texas Constitution authorizes and empowers the City to enact ordinances such as the Amending Ordinance.

Plaintiffs' claim or assertion that the Amending Ordinance is invalid because it is in direct and irreconcilable conflict with various provisions of Texas Finance Code Chapter 393 fails as a matter of law because Plaintiffs cannot show that the Amending Ordinance is in direct and irreconcilable conflict with provisions of Chapter 393.

Plaintiffs' claim or assertion that the Amending Ordinance is invalid because the ordinance prohibits Plaintiffs' operation of a business licensed by the state fails as a matter of law because

the ordinance does not prohibit the operation of Plaintiffs' lending business. Plaintiffs can operate their lending business and makes loans, but simply must do so in accordance with the provisions of the Amending Ordinance. All of Plaintiffs' claims and legal theories asserted as a basis for invalidating the Amending Ordinance are invalid and defective and fail as a matter of law, so the Amending Ordinance is valid and enforceable.

## II.   PRAYER FOR RELIEF

WHEREFORE, the City respectfully requests that the Court grant the City's motion for summary judgment on all of Plaintiffs' claims for the reasons explained in more detail in the City's brief in support of summary judgment. The City requests that the Court dismiss with prejudice Plaintiffs' claim against the City; enter judgment in the City's favor; and grant the City all other relief to which the City is entitled as shown in the City's brief in support of the City's motion for summary judgment.

Respectfully submitted,

CITY ATTORNEY OF THE CITY OF DALLAS

Christopher J. Caso
City Attorney

s/ *Gary R. Powell*
Senior Assistant City Attorney
Texas State Bar No. 1619500
gary.powell@dallas.gov

Kathleen M. Fones
Texas Bar No. 24050611
kathleen.fones@dallas.gov
Senior Assistant City Attorney

Dallas City Attorney's Office

>7DN Dallas City Hall
>1500 Marilla Street
>Dallas, Texas 75201
>Telephone:  214-670-3519
>Facsimile:   214-670-0622

>**ATTORNEYS FOR DEFENDANT CITY OF DALLAS**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2023, the foregoing document was electronically filed with the clerk of court for the U.S. District Court, Northern District of Texas, using the CM/ECF system which will send notification to case participants registered for electronic notice. I further certify that to the extent applicable I have served all case participants not registered for electronic notice by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

>s/ *Gary R. Powell*
>Senior Assistant City Attorney