# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| TITLEMAX OF TEXAS, INC., IVY FUNDING COMPANY LLC, and NCP FINANCE LIMITED PARTNERSHIP | § § § § | |
| | § | CIVIL ACTION NO. 3:21-CV-1040-S-BN |
| v. | § | |
| | § | |
| CITY OF DALLAS | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("FCR") [ECF No. 109]. Defendant City of Dallas filed Objections [ECF No. 112], Plaintiffs TitleMax of Texas, Inc., Ivy Funding Company LLC, and NCP Finance Limited Partnership filed Objections [ECF No. 113], Defendant filed its Response to Plaintiffs' Objections [ECF No. 114], Plaintiffs filed their Response to Defendant's Objections [ECF No. 115], Defendant filed its Reply in Support of Defendant's Objections [ECF No. 116], Plaintiffs filed their Reply in Support of Plaintiffs' Objections [ECF No. 117], Plaintiffs filed Supplemental Objections ("Supplemental Objections") [ECF No. 118], Defendant filed its Response to Plaintiffs' Supplemental Objections ("Supplemental Response") [ECF No. 122], and Plaintiffs filed a Reply to the Supplemental Response [ECF No. 123]. For the following reasons, the Court **ACCEPTS** the FCR.

In the FCR, the Magistrate Judge considered Defendant's Motion for Summary Judgment on All Plaintiffs' Claims ("Motion for Summary Judgment") [ECF No. 90]. Plaintiffs' lawsuit challenges an ordinance amendment ("Amending Ordinance") instituted by Defendant that affects the type of short-term lending agreements Plaintiffs can enter into with City of Dallas residents. *See* FCR 9-16. The FCR addresses whether to dismiss each of Plaintiffs' claims, which are framed

as: (1) the Amending Ordinance violates Plaintiffs' right to due process under the United States Constitution; (2) the Amending Ordinance violates Plaintiffs' rights under the due course of law provision of the Texas Constitution; (3) the Amending Ordinance exceeds Defendant's authority as a home rule city; (4) the Amending Ordinance conflicts with provisions of Texas Finance Code Chapter 393; and (5) the Amending Ordinance impermissibly prohibits Plaintiffs' operation of a business licensed by the state. *Id.* at 7-8. The FCR recommends denying summary judgment as to claim 2 and granting summary judgment as to claims 1, 3, 4, and 5. *See id.* at 17, 21, 24, 30. Defendant objects to the recommendation regarding claim 2, and Plaintiffs object to the recommendations regarding claims 1, 3, 4, and 5.

Because the parties filed objections to each of the FCR's recommendations, the Court reviews the FCR de novo. FED. R. CIV. P. 72(b)(3). After conducting a de novo review of the FCR, the objections, the summary judgment evidence, and the applicable law, the Court agrees with the recommendations of the FCR. However, the Supplemental Objections present new evidence that was not before the Magistrate Judge. Suppl. Objs. 5. The Court has "discretion as to whether to consider" new evidence "not presented to the magistrate judge." *Walker v. Savers*, 583 F. App'x 474, 475 (5th Cir. 2014) (citing 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)); *see also Gentry v. Hamilton-Ryker IT Sols., L.L.C.*, 102 F.4th 712, 726 (5th Cir. 2024) ("A district court may receive further evidence when considering objections to a magistrate judge's recommendation." (citation omitted)). The Court exercises its discretion to consider whether the new evidence changes the Court's analysis of the FCR.[1] The Court concludes that it does not.

---

[1] To the extent Plaintiffs raise new arguments—as opposed to new evidence—in their supplemental filings, the Court does not consider them. *See Bass v. Dir., TDCJ-CID*, No. 6:17-CV-223, 2020 WL 57279, at *2 (E.D. Tex. Jan. 3, 2020) ("The court will not consider arguments raised for the first time in objections to the Report and Recommendation.").

Plaintiffs present three pieces of evidence that were not before the Magistrate Judge. They are: (1) a spreadsheet showing the number of short-term lending locations in Dallas over time, (2) an amendment to Rule 702 of the Federal Rules of Evidence, and (3) a Texas state court order enjoining a different City of Dallas ordinance. Suppl. Objs. 5. The Court examines each in turn.

First, Plaintiffs present a spreadsheet that Defendant produced that "demonstrat[es] continuing closing of short-term lenders' locations in Dallas." *Id.*; *see also* Decl. of T. Ray Guy [ECF No. 119], Ex. 1. Plaintiffs argue that the spreadsheet supports their claim that the Amending Ordinance is "pre-empted by state law because it precludes the successful operation of the state-authorized short-term lending business in Dallas." *Id.* at 6. Put another way, Plaintiffs claim that the spreadsheet is evidence that the FCR's recommendation regarding claim 5 is incorrect because there is proof that businesses are shutting down due to the Amending Ordinance. *See id.* at 7; FCR 21-24. This evidence does not change the Court's analysis. As the FCR explains, the Amending Ordinance is distinguishable from cases where an ordinance improperly limited business because the Amending Ordinance does not make the act of giving short-term loans an unavoidable violation. *Id.* at 22-23. Rather, the spreadsheet highlights that dozens of businesses continue to provide short-term lending approximately three years after the Amending Ordinance was enacted.[2] *See* Decl. of T. Ray Guy [ECF No. 119], Ex. 1. The spreadsheet does not establish that the Amending Ordinance effectively precludes the successful operation of business, and therefore does not change the Court's acceptance of the FCR's recommendations.

Second, Plaintiffs point to the December 1, 2023, amendment to Federal Rule of Evidence 702 concerning expert testimony. *See* Suppl. Objs. 8-15; Suppl. Resp. 4. Rule 702 now requires that the proponent of the expert demonstrate that it is "more likely than not" that the expert's

---

[2] The Amending Ordinance was passed on January 27, 2021. FCR 15.

opinion meets the admissibility requirements of the rule. Suppl. Objs. 13. The reason for the change was to prevent courts from incorrectly treating Rule 702 as a question of weight and not admissibility. *Id.* (citing Committee Note, 2023 Amendment to FED. R. EVID. 702). This change, according to Plaintiffs, "accentuates that Professor Peterson's opinions are insufficient as support for summary judgment."[3] *Id.* at 8. However, Plaintiffs have already filed the Motion to Exclude the Expert Opinion Testimony of Professor Christopher L. Peterson [ECF No. 80], which the Court denied. *See* Mem. Op. & Order [ECF No. 108]. In its denial of the Motion to Exclude, the Court properly applied the preponderance of the evidence standard.[4] *Id.* at 8, 11-12, 17. The Court's denial of the Motion to Exclude, then, was consistent with the amended Rule 702. Since Plaintiffs admit that they "do not by this filing ask that the Court's ruling [on the Motion to Exclude] be reconsidered at this time," Suppl. Objs. 15, the Court concludes that the amendment to Rule 702 does not change the Court's acceptance of the FCR's recommendations.

Last, Plaintiffs cite a December 6, 2023, temporary injunction entered by the 95th Judicial District Court of Dallas County, Texas, in *Dallas Short-Term Rental Alliance v. City of Dallas*, No. DC-23-16845. *See* Suppl. Objs. 15-17; Temporary Inj. Order [ECF No. 118-1]. Plaintiffs argue that the temporary injunction, which enjoined City of Dallas ordinances related to short-term rentals, supports their contention that the Amending Ordinance does not bear a reasonable relationship to Defendant's professed purpose. Suppl. Objs. 16-17. Specifically, the temporary injunction "serves as a reminder that the 'reasonable relationship' requirement is real and meaningful and can be contravened even in a process that involved two years of the kind of

---

[3] Professor Christopher L. Peterson is Defendant's designated expert supporting the Motion for Summary Judgment. Suppl. Objs. 12; *see also* App. in Supp. of Def.'s Mot. for Summ. J. [ECF No. 92].

[4] "Preponderance means that it is more likely than not." *United States v. Mitchell*, 709 F.3d 436, 442 n.14 (5th Cir. 2013) (citation omitted).

thorough and painstaking consideration that was entirely absent here." *Id.* at 17. The Court is aware of the requirements it must consider, and the temporary injunction—which concerns a different set of facts, is not binding on the Court, and has been appealed, Suppl. Resp. 6—does not change the Court's acceptance of the FCR's recommendations.

In sum, having conducted the requisite de novo review of the FCR, the objections, the summary judgment evidence, and the evidence that was not before the Magistrate Judge, the Court agrees with the FCR's recommendations. Accordingly, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge [ECF No. 109].

**SO ORDERED.**

SIGNED June 18, 2024.

**UNITED STATES DISTRICT JUDGE**